# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

THOMAS B. JOHNSON,                )
                                  )
                 Plaintiff,       )
                                  )
        vs.                       )  Cause No. 3:18-CV-026-RLM-MGG
                                  )
TIMOTHY P. BECKER, JULIE          )
LAWSON, and STEVEN                )
RICHMOND,                         )
                                  )
                 Defendants.      )

## OPINION AND ORDER

Thomas B. Johnson, a prisoner without a lawyer, alleges a conspiracy to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully §by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson claims the defendants, who are all employees of St. Joseph County Jail, conspired to deprive prisoners of their civil rights. He brings three claims. First, he claims the state policy of housing state prisoners at county jails deprives prisoners of their right to reform under Art. I, sec. 18 of the Indiana Constitution. Second, he claims the defendants practice segregation in housing

at the St. Joseph County Jail. Third, he alleges that Section 12 of the Thirteenth Amendment violates the rights of African Americans.

Mr. Johnson's first claim implicates a state constitutional right, and so falls outside the reach of Section 1985(3). *See* <u>Miles v. Armstrong</u>, 207 F.2d 284, 286 (7th Cir. 1953) (holding that § 1985(3) applies only to deprivation of federal rights). His third claim, a broad allegation that the Thirteenth Amendment itself violates the rights of African Americans, is based on language from a proposed version of the Thirteenth Amendment, which wasn't passed by the Senate. *See* S. Journal, 38th Con., 1st Sess. 311–13 (1864).

The second claim, that "defendants are at all times practicing segregation" by housing African-American offenders in a higher-security pod than white offenders with similar crimes, could generously be construed to state an Equal Protection claim under 42 U.S.C. § 1983. *See Johnson v. California*, 543 U.S. 499 (2005) (holding that a policy of racial segregation in state prisons must be evaluated under a strict scrutiny standard). But it's not necessary to discuss whether the facts alleged are sufficient to state a claim under Section 1983, because Mr. Johnson expressly brings this Complaint "pursuant to 42 U.S.C. § 1985(3), and '<u>not</u>' 42 U.S.C § 1983." ECF 1 at 1. Thus, the court will evaluate the claim only under Section 1985(3).

This claim must be dismissed under the intra-corporate conspiracy doctrine. Under that doctrine, a "conspiracy cannot exist solely between members of the same entity." <u>Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.</u>, 184 F.3d 623, 632 (7th Cir. 1999). The complaint alleges all three defendants

are employees of the St. Joseph County Jail. The defendants can't be sued under Section 1985. *See id.; see also* Beese v. Todd, 35 Fed. Appx. 241 (7th Cir. 2002).

Mr. Johnson's complaint doesn't state a claim for relief. Nevertheless, because so many questions remain unanswered, he will be permitted to file an amended complaint if he has additional factual information to provide. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). Any amended complaint needs to set forth every claim that Mr. Johnson is trying to bring in this case. He needs to provide all the relevant facts and fully explain what each defendant did and the harm resulting from each defendant's actions. He needs to address the questions raised in this order.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Thomas B. Johnson; and

(2) GRANTS Thomas B. Johnson until **March 30, 2018**, to file an amended complaint.

If Mr. Johnson doesn't respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. §1915A because the current complaint does not state a claim upon which relief may be granted.

SO ORDERED on February 8, 2018

  /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT