UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS B. JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>TIMOTHY P. DECKER,<br>JULIE LAWSON, and<br>STEVEN RICHMOND,<br><br>            Defendants. | CAUSE NO.: 3:18-CV-026-RLM-MGG |

OPINION AND ORDER

Thomas B. Johnson, a prisoner without a lawyer, alleges a policy of racial segregation at St. Joseph County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges the defendants "are practicing segregation by housing African-American offenders in higher-security pods than whites, or other ethnic groups." (ECF 4 at 3.) A policy of that sort could form the basis for an Equal Protection claim under 42 U.S.C. § 1983. See Johnson v. California, 543 U.S. 499 (2005) (holding that a policy of racial segregation in state prisons must be

evaluated under a strict scrutiny standard). However, Mr. Johnson has not alleged facts sufficient to state a claim.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Id.* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

A plaintiff "must demonstrate intentional or purposeful discrimination to show an equal protection violation." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982) (quotation marks omitted). Specifically, he must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* Mr. Johnson's complaint doesn't allege facts showing specific actions taken by the defendants for the purpose of causing adverse effects on African Americans. It relies on conclusory allegations of discrimination. Without more, these aren't sufficient to state a claim.

Mr. Johnson also alleges inmates are denied "the right to have grievances properly heard" at St. Joseph County jail. No such constitutional right exists. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[T]he inadequacies of the grievance procedure itself . . . cannot form the basis for a constitutional claim.").

Based on the complaint, Mr. Johnson hasn't stated a claim for relief. Nevertheless, because so many questions remain unanswered, he will be allowed to file an amended complaint if he has additional factual information to provide. *See* <u>Luevano v. Wal-Mart</u>, 722 F.3d 1014 (7th Cir. 2013). If he files an amended complaint, Mr. Johnson must set forth every claim that he is trying to bring in this case. He needs to provide all the relevant facts and fully explain what each defendant did and the harm resulting from each defendant's actions. He needs to address the questions raised in this order.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Thomas B. Johnson; and

(2) GRANTS Thomas B. Johnson until **April 18, 2018**, to file an amended complaint.

If Mr. Johnson doesn't respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief may be granted.

SO ORDERED on March 5, 2018.

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT